Filed 7/28/26  P. v. Chatman CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B341595 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA101436) |
| v. | |
| CLAUDE CHATMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed in part and reversed in part with directions.

Nancy Sánchez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Claude Chatman was convicted of first degree robbery and the court sentenced him to an aggregate term of 18 years in state prison.  We vacated the sentence and remanded the matter for resentencing.  (*People v. Chatman* (June 27, 2024, B325826) [nonpub. opn.].)

Both Chatman and the People argue that in resentencing Chatman, who had suffered prior convictions, the trial court imposed an upper term based on impermissible aggravating recidivism factors, and that we should remand for further proceedings.  We agree.

At Chatman's original sentencing, the trial court made the following findings regarding aggravating facts justifying imposition of an upper term:  "[Chatman's] prior convictions are numerous, with increasing seriousness, and . . . prior unsatisfactory performance on probation or parole [is] very evident."

The court adopted this prior analysis at resentencing and imposed double the high term of six years plus a five-year term for a prior conviction, stayed.

In *People v. Wiley* (2025) 17 Cal.5th 1069, our Supreme Court held that under the Sixth Amendment, "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Id*. at p. 1086, fn. omitted.)

Here, the court imposed the upper term based on the aggravating facts that Chatman's prior convictions were numerous and of increasing seriousness and his performance on probation was unsatisfactory.  Because Chatman did not stipulate to these facts, which go beyond the bare fact of his prior convictions and their elements, he was entitled to a jury trial on them.  That he did not receive one renders the sentence unauthorized.  (*Wiley*, *supra*,

17 Cal.5th at p. 1091.)  Accordingly, we vacate the sentence and remand the matter to give the People an opportunity to retry the aggravating facts.  (See *Wiley*, *supra*, 17 Cal.5th at p. 1091; *People v. Lynch* (2024) 16 Cal.5th 730, 776 [proper remedy where aggravating facts were not tried to a jury " ' "is to remand and give the People an opportunity to retry" ' the aggravating facts"].)  Chatman may then assert the right to a jury trial, waive jury in favor of a court trial, or waive trial altogether.  (*Wiley*, *supra*, at p. 1086.)

## DISPOSITION

The sentence is reversed and the matter remanded for full resentencing consistent with this opinion.  Upon resentencing, the court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



WEINGART, J.

3